IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHASE COLLINS,
aka ALLAN RAY HOWARD,

       Petitioner,

  v.            CASE NO.08-3217-SAC

LARNED STATE HOSPITAL, et al.,

       Respondents.

**O R D E R**

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a person confined in a Kansas correctional facility pursuant to his state criminal conviction.[1] The court grants petitioner's motion leave to proceed in forma pauperis under 28 U.S.C. § 1915. Having reviewed petitioner's allegations, the court finds the petition is subject to being summarily dismissed without prejudice.

Petitioner challenges his civil commitment and continuing confinement as a sexually violent predator (SVP) under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq*..[2] Petitioner lists five grounds in which he claims: (1) he was still subject to

---

[1] *See* State v. Collins, Pawnee District Court Case 06-CR-251, appeal dismissed (Kansas Court of Appeals, July 2, 2008).

[2] Collins was committed to the Kansas Department of Social and Rehabilitation Services for care and treatment at the Kansas State Hospital, upon a jury's determination that he was a sexually violent predator. *See* In the Matter of the Care and Treatment of Chase Corbin Collins a.k.a Alan Ray Howard, Jr., Pawnee District Court Case 03-PR-1228.

juvenile jurisdiction when he committed the offense that caused him to be determined as a SVP, (2 and 3) the evidence does not support the jury's SVP determination or his continued confinement as an SVP, (4) he is being unconstitutionally subjected to punishment for not participating in treatment, and (5) the Sexually Violent Treatment Program violates state law including a 1994 Kansas Attorney General Opinion.

While federal habeas corpus is appropriate to challenge a state court order of civil commitment, Duncan v. Walker, 533 U.S. 167 (2001), full exhaustion of available state court remedies is required before any such relief can be granted. *See* 28 U.S.C. § 2254(b)(1)(habeas corpus application under § 2254 may not be granted unless it appears the applicant has exhausted state court remedies, or demonstrated such remedies are unavailable or ineffective under the circumstances). 28 U.S.C. § 2254(b)(1). This exhaustion requirement is designed to give the state courts a full and fair opportunity to resolve any federal constitutional claim before such a claim is presented to the state courts. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Petitioner bears the burden of showing exhaustion. *See* Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993).

In the present case, petitioner generally states he filed grievances, motions, and complaints to the Kansas governor, but fails to identify any resort to the state district or appellate courts on any claim of being denied his rights under federal law.[3]

---

[3]To the extent petitioner alleges violations of state law, no cognizable claim for federal habeas corpus relief is presented. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (federal habeas relief "does not lie for errors of state law")(*quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Petitioner is advised that a habeas

The court thus directs petitioner to show cause why the petition should not be dismissed without prejudice. The failure to file a timely response may result in the petition being dismissed without prejudice and without further prior notice to petitioner.

Petitioner's motion for appointment of counsel is denied without prejudice. There is no constitutional right to the appointment of counsel in federal habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Instead, whether counsel should be appointed is left to the discretion of the court. See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332 (10th Cir. 1994) (no constitutional right to counsel beyond appeal of criminal conviction; appointment of counsel in habeas corpus proceeding is left to court's discretion). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel), the court finds the appointment of counsel in this matter is not warranted at this time.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that petitioner's motion for appointment of counsel (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED that petitioner is granted twenty (20)

---

petition alleging only violations of Kansas law is subject to being summarily dismissed. See 28 U.S.C. § 2254(b)(2)(habeas application may be denied on the merits notwithstanding the applicant's failure to exhaust available state court remedies).

days to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 15th day of October 2008 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge