```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**CHASE COLLINS,**
**aka ALLAN RAY HOWARD,**

                       **Petitioner,**

          v.                             CASE NO.08-3217-SAC

**LARNED STATE HOSPITAL, et al.,**

                       **Respondents.**

**O R D E R**

    Petitioner, a prisoner confined in a Kansas correctional facility pursuant to his state criminal conviction,[1] proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In this action, petitioner challenges his previous civil commitment and confinement as a sexually violent predator (SVP) under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 *et seq.*,[2] claiming the evidence did not support the jury's determination, arguing the treatment unlawfully subjects him to further punishment, and challenging the legality of the KSVPA under Kansas law and its application to petitioner who was still subject to juvenile jurisdiction when determined to be an SVP.

---

[1] *See* State v. Collins, Pawnee District Court Case 06-CR-251, appeal dismissed (Kansas Court of Appeals, July 2, 2008)(Appeal No. 100253).

[2] Collins was committed to the Kansas Department of Social and Rehabilitation Services for care and treatment at the Kansas State Hospital, upon a jury's determination that he was a sexually violent predator. *See* In the Matter of the Care and Treatment of Chase Corbin Collins a.k.a Alan Ray Howard, Jr., Pawnee District Court Case 03-PR-1228.

The court reviewed the habeas application and directed petitioner to show cause why the petition should not be dismissed without prejudice because petitioner failed to identify any resort to the state district or appellate courts on any claim of being denied his rights under federal law.

In response, petitioner states he attempted to file a "Motion for No Forced Treatment" in the Pawnee County District Court, which that court dismissed finding petitioner had not exhausted his remedies. Petitioner contends this was error because no grievance protocol within the Sexual Predator Treatment Program is provided at Larned State Hospital. However, there is nothing to suggest petitioner sought review by the Kansas appellate courts of this state district court decision. Petitioner also argues he is being denied his right to a "current mental evaluation" that includes a probable cause hearing, and representation throughout as provided by Kansas statutes at the time of his initial commitment. Petitioner identifies no exhaustion of state remedies on any such claim.[3]

Accordingly, although petitioner correctly notes habeas corpus is an appropriate remedy to challenge the legality of a civil commitment, Duncan v. Walker, 533 U.S. 167 (2001), petitioner must first exhaust state court remedies on any claim based upon the alleged deprivation of his rights under federal law. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

---

[3] The court again advises petitioner that federal habeas corpus is available to address alleged deprivations of a petitioner's rights under federal law, and does not provide a remedy for alleged violations of state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991)(federal habeas relief does not lie for errors of state law)(quotation omitted).

Because petitioner has not yet done so, the court concludes the petition should be dismissed without prejudice

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of November 2008 at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge